NEW-YORK,
May, 1830.

Arnold
v.
Halenbake.

## ARNOLD and BOVEE *vs.* HALENBAKE and FASSETT.

A boatman on the canals, employed in the transportation of property is a *common carrier,* and has no right to *sell* any article sent by him to market without express authority given by the owner. Where, therefore, a purchase of wood sent to market, was made from a boatman, the owners were held entitled to recover for the same in an action of *trover.*

ERROR from the Albany common pleas. Arnold and Bovee sued Halenbake and Fassett in the justice's court of the city of Albany, and declared in *trover* for 12 cords of wood; the defendants pleaded the general issue ; the cause was tried by a jury, and the defendants had a verdict; and the plaintiffs appealed to the Albany common pleas. On the trial in the common pleas the following facts appeared : The plaintiffs residing at Amsterdam, sent about 11 cords of wood to Albany by the master of a canal boat, with directions to store the same with William James, and if he did not receive it, to place it in some lumber yard in Albany. The boatman, instead of following his directions, sold the wood to the defendants and received the price of the same. It was proved on the trial that it was the general course of business, in relation to the purchase of wood, to go to the *pier* and buy from the person having charge of the article, without inquiring who was the owner ; that the same was the custom as to the purchase of wood in the street. A witness for the defendants testified that he had bought wood of a black man, a servant of the plaintiffs, and they subsequently recognized the sale ; he had also purchased whiskey of an agent of the plaintiffs, and they had ratified the contract : this evidence was objected to, but admitted. The counsel for the plaintiffs objected to all evidence of usage or custom of trade, and contended that as the agency was limited, there was no authority to sell. The court charged the jury that the custom was sufficient to protect the defendants, that an apparent authority was conferred on the agent beyond the secret and limited instructions, and that the plaintiffs were bound by the act of the agent. The counsel for the plaintiffs asked the court to

charge the jury, that unless the boatman had authority from the plaintiffs to sell the wood, the defendants were liable; which the court refused to do. The plaintiffs excepted, and the defendants had a verdict, on which judgment was rendered.

*M. T. Reynolds*, for plaintiff in error.

*C. Pepper*, for defendant in error.

*By the Court*, Savage, Ch. J.　It is a fundamental principle, that the owner of property cannot be divested of his title to it, but by his own consent express or implied, or by due process of law. It is necessary, for the convenient and safe transaction of business, that persons acting in certain characters shall be considered as invested with certain and well defined powers. A *general agent* has power to make disposition of property confided to his care, but a *special agent* must pursue his instructions strictly. The person who sustains the character of broker, factor, or commission merchant, has power to sell any goods consigned to him in his line of business, though he may thereby exceed the instructions given him by his principal; because it is his business to sell goods entrusted to him; but he cannot pledge them; and for the same reason, because it is no part of his business to pledge goods. (Now, however, by a late act, power to pledge goods in certain cases is given to factors. *Laws of* 1830, *p*. 203.) If a watch be sent to a commission merchant or auctioneer, he may sell it, because the presumption is that it was sent there for that purpose; but if it be sent to a silversmith, he cannot sell it, because the sale of such articles on commission is no part of his business, and the presumption is, it was sent there to be repaired. Instances might be multiplied almost without number.

To sustain the decision of the court below, it must be shewn that a boatman or common carrier is clothed by law with the powers of a general agent, broker, factor, or commission merchant. No authority to that effect has been produced, and I trust none can be produced. The cases of *Pickering* v. *Bush*, 15 *East*, 38, and *Andrews* v. *Kneeland*, 6 *Cow-*

NEW-YORK,
May, 1830.

Arnold
v.
Halenbake.

*en*, 354, are both cases depending on the authority and powers of a broker, and are both unquestionably sound law. Lord Ellenborough says, "Strangers can only look to the acts of the parties, and to the external *indicia* of property, and not to the private communications which may pass between a principal and his broker." And let me ask, why is this so? Because the public know the powers of a broker: he is a general agent for the sale of the article, and by the course of trade has power to confer a good title. Again he observes, "If a principal send his commodity to a place where it is the ordinary business of the person to whom it is confided to sell, it must be intended that the commodity was sent thither for the purpose of sale." If the plaintiffs have confided their property to a man whose ordinary business it is to sell wood for others, then indeed they have lost their wood, and the defendants have a good title to it; but the powers of a boatman are not to be shewn co-extensive with a broker or factor, by proving that people are in the habit of purchasing from boatmen. It may well be, that in those cases the boatman had power from the owner to sell; but the question is, what are the powers assigned by law to the character of a boatman or common carrier? It is his business to transport the property entrusted to him, and to sell when specially authorized. Is it understood that the masters of vessels on the river have power to sell the property which they carry? They are common carriers, and nothing more; so are the masters of boats on the canal. The wood in this instance was to have been deposited with some person keeping a wood-yard. Such person would have had authority to sell, because selling wood is his business; and where wood is sent to him, there is, in the act of sending it to him, an implied authority to sell; but where a man sends to market wood or any other commodity by a boatman, there is no implied authority in consequence of his calling, that he shall sell the article he carries.

The sale of wood by a boatman, I apprehend, is not analogous to the sale of wood in our streets. It is the universal practice of those who bring wood on waggons, to make sale of the wood as in public market; and any man who sends

wood in that way, may be presumed to give authority to the person by whom he sends it, to dispose of it in the usual way; but whether in such case authority to sell is given, must be a question of fact to be decided by a jury. The waggoner has no such established character, as general agent, as would authorize a court to ascribe to him the powers of a factor, because he carries wood to market on a waggon; nor has a boatman any such general authority. The circumstances in either case may raise a strong presumption of authority, but that cannot control positive proof.

The court erred; they should have charged the jury as desired by the plaintiffs' counsel.

Judgment reversed, and venire *de novo* to Albany common pleas.